## 12448. NESS *v.* BARBER.

Commissions on the sale by the defendant were recoverable by the plaintiff, under the allegations of the petition, from which it appeared that the defendant agreed to turn over to the plaintiff the control and management of a certain wood-yard until all the wood and lumber in the yard should be disposed of, and that in consideration of his services the plaintiff should receive 15 per cent. of the gross proceeds of wood and lumber " sold in any form " from the yard as long as he devoted his time to the yard; that under the terms of the contract the plaintiff immediately " took over the active management " of the yard, and " fully performed all services as required " by the contract, and that a few days after the plaintiff took charge of the yard the defendant sold all the wood and lumber in it to a third person for a stated sum.

Although the agreement was signed only by the defendant, it was divested of its unilateral character and rendered mutual by the action of the plaintiff in taking over the management of the yard and performing the services required by the contract.

DECIDED OCTOBER 6, 1921.

Action on contract; from city court of Savannah — Judge Davis Freeman. March 14, 1921.

*McIntire, Walsh & Bernstein,* for plaintiff in error.

*Saussy & Saussy, J. T. Wells Jr.,* contra.

BLOODWORTH, J. As much of the petition as amended as is necessary to determine the issues involved is as follows: (2) " On October 31st, 1919, your petitioner entered into a written contract with E. Ness, a copy of which is hereto attached, marked Exhibit " A," . . , whereby said E. Ness was to turn over to your petitioner the management of a wood-yard in Macon, Bibb county, Georgia, known as the E. Ness Wood Yard, said contract

27

to take effect November 1st, 1919, C. W. Barber to have full control and management of said wood-yard, and to receive for his services 15% of the gross proceeds of both wood and lumber sold in any form from above-mentioned wood-yard, as long as he, C. W. Barber, devoted his time to same." (3) "On or about November 1st, 1919, under the terms of said contract, your petitioner took over the active management of said E. Ness Wood Yard, and fully performed all services as required by said contract." (4 as amended) "Petitioner further shows that on or about December 15th, 1919, said E. Ness sold all of the wood and lumber in the said wood-yard to one W. T. Morgan for the sum of $4000.00; that under the terms of said contract your petitioner is entitled to fifteen per cent. of the gross proceeds of said sale, as commission, to wit $600.00. Said E. Ness has failed and refused and still fails and refuses to pay said $600.00." (5) "Your petitioner further shows that said E. Ness has broken said contract, in that he has failed and refused to pay said commission of fifteen (15%) per cent·, which amounts to $600.00, and because of said breach of contract on the part of E. Ness, your petitioner has been damaged in the sum of $600.00, together with interest from December 15th, 1919." Exhibit A is as follows: "Bibb County, Macon, Georgia. October 31st, 1919. Contract. I hereby agree to turn over management of wood-yard known as E. Ness Wood Yard, to C. W. Barber. Said C. W. Barber to have *full* control of said wood-yard. In consideration of his services said C. W. Barber is to receive 15% of gross proceeds of both wood and lumber that is sold in any form from above mentioned wood-yard, as long as he devotes his time to said wood-yard. Said C. W. Barber to have management of said wood-yard until all wood and lumber is disposed of. Contract to take effect November 1st, 1919. [Signed] E. Ness." The defendant demurred, on the grounds: (1) that the petition sets forth no cause of action; (2) that the petition "does not show what portion of said wood-yard which was sold to said W. T. Morgan consisted of wood and lumber and what portion consisted of property other than wood and lumber."

The petition as amended met the objection urged against it in the second ground of the demurrer, and the general ground only is left for our consideration. Plaintiff in error insists that under

the facts of this case as shown by the petition and the contract attached thereto, he had a right to sell the property himself, and, if he did so, that he would not be responsible for commissions. It is true that § 3587 of the Code of 1910 provides that "the fact that property is placed in the hands of a broker to sell does not prevent the owner from selling unless otherwise agreed," but the statements of the petition and the contract itself differentiate this case from those covered by the general principle "that the owner may sell without being liable for commissions."

Plaintiff in error urges also that the contract is unilateral. The petition shows that the plaintiff, under the terms of the contract, "took over the active management of said E. Ness Wood Yard, and fully performed all services as required by said contract." This action of the plaintiff furnished the consideration contemplated by the contract and divested it of its unilateral character. In *Sivell* v. *Hogan*, 119 *Ga.* 171 (3) (46 S. E. 68), the Supreme Court said: "It is well settled . . that a unilateral contract, though required by the statute of frauds to be in writing, may be made mutual by the other party's doing some act which would take the case out of the statute, so far as he is concerned." It is therefore held that the petition in this case set out a cause of action, and the court properly overruled the general demurrer.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*