### 24649. BRAZZEAL *v.* COMMERCIAL CASUALTY INSURANCE COMPANY.

SUTTON, J. Where the defendant insurance company employed the plaintiff under an oral agreement to take charge of its business in the Macon territory, agreeing to pay him a weekly salary for the first four weeks of his employment, and thereafter to pay him designated commissions based on the amount of new business contracted for and old business carried, the employment to begin immediately, in consideration of the rendition by the plaintiff of efficient and faithful service, and where the plaintiff entered upon such employment and rendered faithful and efficient services for eleven weeks, the defendant paying to him for four weeks the weekly salary referred to, and the defendant thereafter discharged him without paying to him the amount of commissions earned and due under said agreement up to the time of the termination of the employment, the plaintiff had a right of action under the contract for the amount of earned commissions due him in accordance with the agreement. Such an agreement is terminable at the will of either party, and, in order to be entitled to the compensation provided for, it was incumbent upon the employee to render faithful and efficient service to the defendant in carrying on its insurance business in the territory designated. Civil Code (1910), § 3133, Code of 1933, § 66-101; *Bentley* v. *Smith,* 3 *Ga. App.* 242 (4) (59 S. E. 720) ; *Hudgins* v. *State,* 126 *Ga.* 639 (55 S. E. 492). The parol agreement in this case is not such as is inhibited by the statute of frauds (Code of 1933, § 20-401, par. 5) ; and the cases of *Lewis* v. *Southern Realty Inv. Co.,* 42 *Ga. App.* 171 (155 S. E. 369), *Continental Aid Asso.* v. *Lee,* 16 *Ga. App.* 567 (85 S. E. 790), *Parker* v. *Farlinger,* 122 *Ga.* 315 (50 S. E. 98), and *Morris* v. *Virginia-Carolina Chemical Cor.,* 48 *Ga. App.* 702 (173 S. E. 486), have no applicability to the contract in this case. This was a contract to begin in praesenti, for an indefinite period, terminable at will, and the employee thereunder was suing on the contract for the amount of compensation due him, based upon services actually performed by him up to the time of his discharge, and not for damages or for compensation for services not performed or for any breach of contract. In such a case it was not necessary that the plaintiff sue on a quantum meruit for services actually

performed. The judge erred in dismissing plaintiff's petition on general demurrer.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 2, 1935.

*Feagin & Feagin,* for plaintiff.
*Harris, Russell, Popper & Weaver,* for defendant.