36107. VAN HOUTEN *v.* STANDARD FEDERAL SAVINGS & LOAN ASSOCIATION.

DECIDED APRIL 3, 1956—REHEARING DENIED APRIL 17, 1956.

776

*Frank Love, Jr., Powell, Goldstein, Frazer & Murphy,* for plaintiff in error.

*Haas, White & Douglas, Hamilton Douglas, Jr.,* contra.

GARDNER, P. J. We have set forth the facts in the instant case somewhat in detail. We are of the opinion that this case is controlled largely by *Brazzeal v. Commercial Casualty Ins. Co.,* 51 *Ga. App.* 471 (180 S. E. 853), wherein this court said: "This was a contract to begin in praesenti, for an indefinite period, terminable at will, and the employee thereunder was suing on the contract for the amount of compensation due him, based upon services actually performed by him up to the time of his discharge, and not for damages or for compensation for services not performed or for any breach of contract. In such a case it was not necessary that the plaintiff sue on a quantum meruit for services actually performed. The judge erred in dismissing plaintiff's petition on general demurrer." See also *Anderson, Clayton & Co. v. Mangham,* 32 *Ga. App.* 152 (123 S. E. 159); *Aspironal Laboratories. v. Rosenblatt,* 34 *Ga. App.* 255 (129 S. E. 140); *Bedell v. Berwick,* 142 *Ga.* 146 (82 S. E. 564).

Code § 66-101, cited by counsel for the defendant, *Odom v. Bush,* 125 *Ga.* 184 (53 S. E. 1013), and *Southern Savings Bank*

v. *Dickey,* 58 *Ga. App.* 718 (199 S. E. 546), show no cause to sustain the contention that the court correctly sustained the general demurrer and dismissed the plaintiff's petition. We might here properly remark that the gist of the contract between the parties was made with J. L. R. Boyd, who from the record in this case was in charge of the operating of the business of the defendant insofar as the relation with the plaintiff was concerned. The employment agreement between Boyd and the plaintiff was conclusive as to the transaction before us.

The court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*