## 38501. NORMAN *et al.* v. NASH.

TOWNSEND, Judge. 1. A petition which alleges that the two named defendants are owners and operators of a partnership business under the trade name of Dixie Motors Auto Auction, and that one defendant "in behalf of said partnership business" entered into an oral agreement of employment within the scope of the business of the partnership and the plaintiff was thereafter actually employed, and later discharged, by both defendants, is sufficient to constitute an allegation of fact that the plaintiff was employed by the defendant partnership and not by the partner who negotiated the contract in a merely individual capacity. *Code* § 75-202; *Felton v. Smith,* 52 Ga. App. 436 (4) (183 S. E. 634).

2. (*a*) On demurrer, pleadings are construed most strongly against the pleader, and if an inference unfavorable to the party claiming a right may be fairly drawn from them, such inference will prevail. *John Deere Plow Co. v. Johnson,* 98 Ga. App. 36 (105 S. E. 2d 33). Accordingly where the petition alleges that an oral contract was entered into between the parties "on or about November 10, 1958" the inference must be drawn that the contract was entered into on or before November 10, but not after that date, as against a demurrer attacking the contract as being within the statute of frauds.

(*b*) Where the petition alleged that the oral agreement entered into on November 10, 1958, was "that plaintiff would move to

Chattanooga immediately and manage the said automobile auction business for the defendants; that plaintiff would receive a salary of $75.00 per week for his services, plus $1.00 per automobile sold at defendant's auction in Chattanooga; that the term of said employment would be *one year from date of commencement* upon the aforesaid terms" and the petition further alleges that the plaintiff arrived in Chattanooga on November 13, 1958, and *"on that day he commenced performance of the said 'agreement"* the petition affirmatively shows that the contract was not for one year to begin in praesenti, but was subject to attack as being within the statute of frauds. This being a contract to begin in the future and to continue for one year from the date of the commencement thereof, it must under the statute of frauds be in writing unless the facts and circumstances are such as to make it an exception. *Code* § 20-401 (5) ; *Morris v. Virginia-Carolina Chemical Corp.*, 48 Ga. App. 702 (1) (173 S. E. 486).

3. It is contended, however, that the petition shows such part performance of the contract on the part of the plaintiff as to render it a fraud on the part of the defendants to refuse compliance with its terms. What will amount to such part performance is a question of fact. In a landlord-tenant relationship, contributing materials and labor in the nature of advance rent, or payment of rent in advance accepted by the landlord, is sufficient. *Parham v. Kennedy*, 60 Ga. App. 52, 55 (2 S. E. 2d 765). On parol promise to buy land, part payment, plus entry on the land and labor expended in improving it will be sufficient. *McLeod v. Hendry*, 126 Ga. 167 (54 S. E. 949). In a contract of employment, the fact that the plaintiff employee has given up lucrative employment elsewhere in reliance on the contract will be enough, combined with actually entering upon the duties of the employment, to take the contract out of the statute of frauds. *Alexander-Seewald Co. v. Marett*, 53 Ga. App. 314 (3) (185 S. E. 589) ; *Bagwell v. Milam*, 9 Ga. App. 315 (4) (71 S. E. 684). The part performance referred to in the statute is something substantial and essential to the contract which results in a benefit to one party and a detriment to the other. "It is not every part performance of the contract that will take it without the statute of frauds." *Hotel Candler, Inc. v. Candler*, 198 Ga. 339, 350 (31 S. E. 2d 693). "The [mere] fact that

the person who has contracted to serve another one year, to commence at a future day, enters upon the performance of his contract does not take the case out of the statute. The servant may quit at any time and recover the value of his services on a quantum meruit, and the master may discharge the servant at any time without incurring liability therefor." *Bentley v. Smith,* 3 Ga. App. 242(3) (59 S. E. 720).

The petition here shows merely that the defendant partner called the plaintiff by long distance telephone in Detroit, Michigan, "where the plaintiff was then residing," on November 1, 1958; that the contract was entered into on November 10; that the plaintiff arrived in Chattanooga on November 13, and entered upon the contract, and continued to work until January 29, 1959, "on which day the said defendants terminated the said contract and breached the said agreement by discharging the plaintiff from his said employment as manager of the automobile auction in Chattanooga." Thus, while it appears that the plaintiff did travel from Detroit, Michigan, to Chattanooga, Tennessee, to enter into the employment, it does not appear that the plaintiff sustained any special loss in relying upon the terms of the unenforceable agreement, or suffered any detriment, or did any other act other than commence performance of the contract, which would remove it from the statute of frauds, and mere entry upon his duties without more is not sufficient for this purpose. See also *Lewis v. Southern Realty Investment Corp.,* 42 Ga. App. 171 (155 S. E. 369). The petition accordingly did not set forth a cause of action.

4. Since the plaintiff may see fit to amend his pleadings prior to the remittitur from this court being made the judgment of the trial court, we also pass upon the special demurrer challenging paragraph 6 of the petition on the ground that it fails to set forth a proper measure of recovery. The plaintiff seeks damages in the sum of $3,407, which he alleges to be the total yearly salary of $3,900, based on $75 per week, less $539 actually received by the plaintiff. So figured, the sum would be $3,307 rather than $3,407, and for this reason the demurrer should have been sustained. The manner of computing the damages is, however, correct under *Code* § 4-215, which reads in part as follows: "When the contract is for a year, and the principal wrongfully discharges the agent before the end

of the year, the agent may . . . wait until the expiration of the year and sue for and recover his entire wage." The trial court erred in overruling the demurrers to the petition. *Judgment reversed. Carlisle and Frankum, JJ., concur. Gardner, P. J., not participating.*

DECIDED SEPTEMBER 30, 1960.

*Noah J. Stone,* for plaintiffs in error.
*Frank A. Bowers,* contra.