40686.   SPINDEL v. NATIONAL HOMES
CORPORATION et al.

DECIDED JUNE 26, 1964.

14

*John E. Feagin, Sidney Haskins*, for plaintiff in error.

*Robert E. Knox, Sutherland, Asbill & Brennan, D. R. Cumming, Jr., W. M. Hames*, contra.

FRANKUM, Judge. " 'To be subject to general demurrer, a petition must be utterly lifeless.' *Medlock v. Aycock*, 16 Ga. App. 813 (86 SE 455)." *Gunby v. Turner*, 194 Ga. 378, 381 (2) (21 SE2d 640); *Johnson v. John Deere Plow Co.*, 214 Ga. 645, 647 (1) (106 SE2d 901). While a promise may be a mere nudum pactum when made because it is lacking in mutuality, it may become binding on the promisor when the promisee furnishes the consideration contemplated by the promise. *Peeples v. Citizens Nat. Life Ins. Co.*, 11 Ga. App. 177 (74 SE 1034); *Ness v. Barber*, 27 Ga. App. 417 (108 SE 812); *Brown v. Bowman*, 119 Ga. 153 (1) (46 SE 410). Even part performance by the prom-

isee will render such a promise binding on the promisor. *Fontaine v. Baxley &c. Co.*, 90 Ga. 416 (1) (17 SE 1015). The test of mutuality in contracts is to be applied at the time the contract is to be enforced, and if the promisee has accomplished the object contemplated by the promise or offer by doing what was contemplated, thereby the promise is rendered valid and binding. *Retailers Service Bureau v. Newman, Frierson &c. Co.*, 40 Ga. App. 185 (2) (149 SE 89). As we construe the allegations of the petition in this case, the plaintiff has alleged an oral contract of employment at will for an indefinite time, performance of his duties thereunder, acceptance and utilization of the fruits of his performance and a refusal by the defendants to pay him in accordance with the terms of the agreement. Such an employment contract, even though it may not be performed within one year, is not within the statute of frauds, and when the employee has actually performed services thereunder he may recover of the employer the compensation due him for the services rendered. *Brazzeal v. Commercial Cas. Ins. Co.*, 51 Ga. App. 471 (180 SE 853); *Henderson v. American Hat Mfg. Co.*, 57 Ga. App. 10, 16 (194 SE 254); *Van Houten v. Standard Fed. Sav. &c. Assn.*, 93 Ga. App. 774 (92 SE2d 731).

It is clear that the contract here sued on was contemplated by the parties to be a severable one since the plaintiff alleges in his petition that the royalty fee of three-fourths of one percent of the material package price of each unit sold was to be paid by the defendant Knox Corporation on the first day of each month. *Code* § 20-112. Plaintiff, therefore, appropriately brought his action against the defendants for all breaches occurring up to the commencement of the action. *Code* § 20-1401.

While plaintiff alleged in his petition that he was entitled to an equitable accounting from the defendant in order to establish the monetary sums due him on the royalty agreement, this is insufficient to give equity jurisdiction to order an accounting, and since plaintiff alleges further that the number of units sold and the amount due him are peculiarly within the knowledge of the defendants, a plain case for a legal accounting is made. *Burress v. Montgomery*, 148 Ga. 548 (3) (97 SE 538); *Code* § 10-102.

The petition in this case was not utterly lifeless. The defend-

ants could not admit the truth of all the plaintiff alleged and still escape liability, and the trial court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. Felton, C. J., and Pannell, J., concur.*