59418. SAMS v. DUNCAN & COPELAND, INC. et al.

SHULMAN, Judge.

Plaintiff brought suit for breach of an oral employment contract, seeking damages for defendants' failure and refusal to distribute stock to plaintiff, as allegedly promised, as part of plaintiff's employment compensation. From the grant of summary judgment in favor of defendants, plaintiff appeals. We affirm.

1. Since the alleged oral employment agreement upon which plaintiff brought suit was of indefinite duration, it falls within the purview of the Statute of Frauds. *Hudson v. Venture Ind., Inc.,* 147 Ga. App. 31 (248 SE2d 9); *Norman v. Nash,* 102 Ga. App. 508 (116 SE2d 624). In order for plaintiff to remove the contract from the Statute, it is incumbent upon him to show such part performance (see Code Ann. § 20-402) "as would *render it a fraud* if the court failed to compel [defendants'] performance." *Hudson,* supra, p. 33. This, plaintiff has failed to do.

Plaintiff only raised the issue of part performance by virtue of the fact "that he entered upon employment and served." Id., p. 32. This does not constitute such part performance as would remove the contract from the

Statute of Frauds (id.); perforce, the Statute applies and plaintiff is precluded from recovering against defendants upon their purported breach of an unenforceable contract.

2. Moreover, on the basis of the undisputed facts, plaintiff is precluded from recovering damages for fraud based upon defendants' alleged failure to honor their promise to give plaintiff a share in their corporate stock. It is generally the rule that "[a]ctionable fraud cannot be based on statements and promises as to future events." *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 571 (208 SE2d 583).

We cannot agree that the instant case falls within the exception to the general rule on the grounds that the promise here was made with a present intent not to perform.

"[T]he promisee states a cause of action for inceptive fraud if he alleges that the promisor made a promise, even as to a future event, and at the time of making it he had no intention of performing the promise. [Cits.] However, such exception has no application to this case because the promises upon which the promisee relies for establishing fraud were unenforceable even absent any fraud at the time of their utterance. The oral promises could not be enforced because the underlying employment contract, being terminable at will, is unenforceable." Id., p. 572.

On the basis of the foregoing, the trial court properly granted defendants' motion for summary judgment.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

ARGUED FEBRUARY 13, 1980 — DECIDED MARCH 6, 1980 —

*David E. Betts, Robert O. McCloud, Jr.,* for appellant.

*Michael T. Thornton, W. Rhett Tanner,* for appellees.