## 59439. TRADE CITY G. M. C., INC. v. MAY.

CARLEY, Judge.

Appellee-May brought suit against his former employer, the appellant-Trade City G. M. C., Inc. (Trade City). May had worked for Trade City from October of 1973 until January of 1975 as a truck salesman. This employment was pursuant to an oral contract and May was to receive commissions on the sales he made. In October of 1974 May had secured a purchase order from the Cobb County Board of Education for future delivery and payment of twenty-five bus chassis. May's employment was terminated before the chassis were delivered and paid for. May never received commissions from this transaction. The instant action by May was instituted to recover commissions alleged to have been earned by him on this sale. From a jury verdict and judgment entered thereon in favor of May, Trade City appeals.

1. Trade City's first enumeration of error addresses the denial

of its motion for summary judgment. Since the denial of summary judgment after verdict and judgment is a moot issue, this enumeration is without merit. *Phillips v. Abel,* 141 Ga. App. 291 (233 SE2d 384) (1977).

2. Trade City enumerates error upon the denial of its motion for directed verdict. The basis for this argument is that May's action for the commissions is barred by the Statute of Frauds. We do not agree. May "has alleged an oral contract of employment at will for an indefinite time, performance of his duties thereunder, acceptance and utilization of the fruits of his performance and a refusal by [Trade City] to pay him in accordance with the terms of the agreement. Such an employment contract, even though it may not be performed within one year, is not within the statute of frauds, and when the employee has actually performed services thereunder he may recover of the employer the compensation due him for the services rendered. [Cits.]" *Spindel v. National Homes Corp.,* 110 Ga. App. 12, 15 (137 SE2d 724) (1964). "The parol agreement in this case is not such as is inhibited by the statute of frauds. [Cit.] . . . This was a contract to begin in praesenti, for an indefinite period, terminable at will, and the employee thereunder was suing on the contract for the amount of compensation due him, based upon services actually performed by him up to the time of his discharge, and not for damages or for compensation for services not performed or for any breach of contract." *Brazzeal v. Commercial Cas. Ins. Co.,* 51 Ga. App. 471 (180 SE 853) (1935). See also *Van Houten v. Standard Fed. Savings & Loan Assn.,* 93 Ga. App. 774 (92 SE2d 731) (1956).

3. Error is enumerated upon the trial court's allowing a rebuttal witness for May to testify although he had "violated" the sequestration rule. Apparently this witness entered the courtroom during opening statement by counsel but did not hear any testimony by other witnesses before being discovered and removed. We find no abuse of the trial court's discretion in allowing this witness to testify. *Watts v. State,* 239 Ga. 725, 731 (238 SE2d 894) (1977).

4. The failure of the trial court to give certain of Trade City's requests to charge is enumerated as error. After the jury had been charged the trial judge inquired if counsel wished "to specify anything for the record at this time." Appellant's counsel responded: "No sir, I think you covered it quite well." Thus appellant failed to raise objections to the charge as required by Code Ann. § 70-207 (a). We find this enumeration and arguments advanced in support thereof to be without merit for all the reasons enunciated in *Mack v. Barnes,* 128 Ga. App. 328 (196 SE2d 684)

(1973).

5. The evidence supports the verdict. *Strong v. West,* 110 Ga. 382 (35 SE 693) (1900); *Williamson, Inman & Co. v. Thompson,* 53 Ga. App. 821 (187 SE 194) (1936); *Mutual Benefit &c. Assn. v. LeMaster,* 89 Ga. App. 870 (81 SE2d 484) (1954).

6. May's motion for damages under Code Ann. § 6-1801 is denied.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED APRIL 18, 1980.

*J. Al Cochran, H. G. Snipes,* for appellant.
*Michael R. Sheppard, Kit Barron Bradshaw,* for appellee.

