67187. WOOD v. DAN P. HOLL & COMPANY et al.

MCMURRAY, Chief Judge.

This is a contract action predicated upon an alleged oral employment contract. Plaintiff is a certified public accountant formerly employed by defendant, a professional corporation, doing business as a certified public accounting firm. Upon trial before the court without a jury, after plaintiff had completed the presentation of her evidence, the defendant moved for dismissal of the action on the ground that plaintiff had shown no right to relief. Defendant's motion for dismissal of the action was granted, and plaintiff appeals. *Held:*

1. Plaintiff presented evidence that: Plaintiff had been employed by Dan P. Holl, doing business as a sole proprietorship beginning in 1974 and continuing through 1979. In 1980 Holl incorporated his business creating the corporation which is the defendant in this action (Dan P. Holl was the sole shareholder and president of the corporation). During this entire eight-year period plaintiff worked under an oral employment agreement of apparently indefinite duration. Plaintiff was employed by defendant until she resigned in 1982.

During a portion (1977 through 1979) of the sole proprietorship period Dan P. Holl made contributions on behalf of plaintiff to a Keogh plan in lieu of salary increases. After the incorporation of the business in 1980 plaintiff's salary was increased to reflect that payments were no longer being made into the Keogh plan. However, in 1981 defendant corporation initiated a profit sharing plan into which contributions were made on plaintiff's behalf, and this was

reflected in a reduction in salary in 1981 to $20,335 (as shown on plaintiff's W-2 form) in comparison to plaintiff's 1980 salary of $25,473.22.

Plaintiff participated in the drafting of the profit sharing plan and was concerned that it included a provision requiring 10 years of service in order for an employee to become vested under the plan. In other words, under the provisions of the profit sharing plan as drafted an employee serving less than 10 years would receive no part of their account in the plan. Plaintiff expressed her concern in regard to the 10-year vesting period to Dan P. Holl and had numerous conversations with him in regard to the plan while it was being drafted. Holl repeatedly assured plaintiff that if plaintiff "was to leave those funds would be paid even if he had to pay them from monies from other sources." Plaintiff continued her employment only upon the basis of Dan P. Holl's assurances to this effect because the absence of such an agreement would have effectively meant a reduction in plaintiff's salary.

2. The primary issue presented in the case sub judice involves the applicability of the Statute of Frauds. We first must determine whether the contract is one which must be in writing under the provisions of former Code Ann. § 20-401 (as amended by Ga. L. 1962, pp. 156, 427) (now OCGA § 13-5-30, effective November 1, 1982).

Defendant relies heavily upon *Sams v. Duncan & Copeland,* 153 Ga. App. 765 (266 SE2d 546). We must disapprove of the first sentence of the first division of this case. This court there stated that: "Since the alleged oral employment agreement upon which plaintiff brought suit was of indefinite duration, it falls within the purview of the Statute of Frauds." The two cases cited in support of this proposition, *Hudson v. Venture Indus.,* 147 Ga. App. 31 (248 SE2d 9), and *Norman v. Nash,* 102 Ga. App. 508 (116 SE2d 624), both involve contracts that are not to be performed within one year from the making thereof (see Code Ann. § 20-401 (5) now OCGA § 13-5-30 (5)) and do not involve any alleged contract of indefinite duration. In *Hudson v. Venture Indus.,* 147 Ga. App. 31, 32, supra, the alleged contract was for a term of five years with three years guaranteed and an option to renew at the end of two years for the remaining three years. In *Norman v. Nash,* 102 Ga. App. 508, supra, the alleged contract was to begin in the future for a term of one year from the date of commencement thereof, the evidence showing that the oral agreement was entered into on November 10, 1958, and that performance of the contract was commenced on November 13, 1958. A contract to begin in the future and to continue for one year from the date of commencement will not be performed within one year from the making thereof. *Norman v. Nash,* 102 Ga. App. 508, 509 (2b),

supra; *Slater v. Jackson,* 163 Ga. App. 342 (2) (294 SE2d 557). Compare *Hudgins v. State,* 126 Ga. 639, 643 (2) (55 SE 492).

In contrast, we have repeatedly held that an oral employment contract terminable at will is not inhibited by the Statute of Frauds. See such cases as *Brazzeal v. Commercial Cas. Ins. Co.,* 51 Ga. App. 471 (180 SE 853); *Van Houten v. Standard Fed. Savings &c. Assn.,* 93 Ga. App. 774, 776-777 (92 SE2d 731); *Spindel v. Nat. Homes Corp.,* 110 Ga. App. 12, 15 (137 SE2d 724); *Trade City G. M. C. v. May,* 154 Ga. App. 371, 372 (2) (268 SE2d 421). Therefore, we conclude that plaintiff's employment contract of indefinite duration with defendant is not within the purview of the Statute of Frauds.

Although the trial court has failed to enter its findings of fact and conclusions of law required under provisions of OCGA § 9-11-52 (a) (formerly Code Ann. § 81A-152 (Ga. L. 1969, pp. 645, 646; 1970, pp. 170, 171)) plaintiff has directed no enumeration of error to this issue. See in this regard *Cunnane v. Cunnane,* 237 Ga. 650 (1) (229 SE2d 431).

Regardless of the absence of the findings of fact and conclusions of law the record clearly displays the trial court's reasoning in dismissing plaintiff's action. It is apparent from the colloquy between the trial court and counsel that the trial court concluded that the case sub judice is governed by the decision in *Sams v. Duncan & Copeland,* 153 Ga. App. 765, supra, which rests heavily upon that language of which we now disapprove. Although the trial court has the power of adjudication of the facts upon motion for involuntary dismissal in a non-jury case (see *Pichulik v. Air Conditioning &c. Co.,* 123 Ga. App. 195 (180 SE2d 286); *Kennery v. Mosteller,* 133 Ga. App. 879 (212 SE2d 447)), it is apparent that the trial court's ruling in the case sub judice rests upon an erroneous legal theory. The trial court's reliance upon an erroneous legal theory requires reversal. See *Ayers v. Yancey Bros. Co.,* 141 Ga. App. 358, 361 (2) (233 SE2d 471); *Meyers v. Glover,* 152 Ga. App. 679, 683 (3) (263 SE2d 539).

We note that the trial court correctly read and followed our decision in *Sams v. Duncan & Copeland,* 153 Ga. App. 765, supra. Our reversal of the judgment in the case sub judice occurs only because we have disapproved our previous overly broad statement in *Sams v. Duncan & Copeland,* supra, which was relied upon by the trial court.

*Judgment reversed. Deen, P. J., Quillian, P. J., Shulman, P. J., Banke, Birdsong, Carley, Sognier, and Pope, JJ., concur.*

DECIDED FEBRUARY 15, 1984.

*Peter J. Anderson, Kirk M. McAlpin, Jr.,* for appellant.

*Terry E. Freeman, John M. Bovis,* for appellees.