72574. GATINS et al. v. NCR CORPORATION et al.
(349 SE2d 818)

BEASLEY, Judge.

Plaintiffs, three employees of NCR Telecommunication Service, Inc. (NCR-TSI), a subsidiary of NCR Corporation, sued both and sought damages for wrongful termination of their employment contracts (breach of contract) from NCR-TSI. Each asserted that he was hired for a period of one year beginning at the time set forth in a letter comprising part of the contractual agreement. The three em-

ployees were discharged as part of a reduction in force and granted two weeks "notice pay," from five to six months after each started.

The three letters, which are similar, are exemplified by the letter written to Gatins. It states in part: "We are pleased to extend an offer of employment as an Account Manager in the NCR-TSI Atlanta office reporting to Mike Gilmore, effective June 11, 1984, at a weekly salary of $346.00, which is $17,992 annually. Your salary will be paid one week in arrears on a biweekly basis. *In addition, we will guarantee commissions of $231.00 per week also paid one week in arrears on a biweekly basis. This will provide you with annualized earnings of $30,004.*" The italicized portion is different from that contained in the other two plaintiffs' letters which read: "In addition, we will guarantee weekly commission of $231.00, which is $12,012 annually, for one (1) year from date of employment, also paid one week in arrears on a biweekly basis."

Within two to three weeks of the letter, each employee executed a form "Employment Agreement" which provided: "In consideration of my employment, and unless otherwise agreed upon in writing, I agree: . . . 2. That NCR may change the rate, form and frequency of compensation, or terminate my employment without notice."

Originally plaintiffs relied on the two written portions of the contract and insisted that if there was any conflict or ambiguity the letter part should control to find they were employed for a period of one year.

Defendants answered and then NCR-TSI filed a motion for summary judgment. Plaintiffs filed a cross-motion for summary judgment which added the assertions that there were oral negotiations prior to the letter agreements and that evidence of such parol statements constituted a part of the entire employment agreement.

After hearing, the trial court found for NCR-TSI on its motion and against plaintiffs on theirs.

The trial court correctly determined the issue before it. "Contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless after application of applicable rules of construction an ambiguity remains." *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986); OCGA § 13-2-1. Summary judgment is proper even though the parties contend the contract should be construed differently. *Kennedy v. Brand Banking Co.*, 152 Ga. App. 47 (262 SE2d 177) (1979).

Agreements not to be performed within one year from their making must be in writing. OCGA § 13-5-30 (5). *Dameron v. Liberty &c. Ins. Co.*, 56 Ga. App. 257 (192 SE 446) (1937). "[W]hen writings are relied upon to take a transaction out of the statute of frauds, they must be complete within themselves, and they must contain the entire agreement, must disclose the subject matter, the parties thereto,

and all the terms of the undertaking." *Cashin v. Markwalter*, 208 Ga. 444, 446 (3) (67 SE2d 226) (1951). Since "the writing 'must be complete in itself leaving nothing to rest in parol,' . . . all previous negotiations are merged in the subsequent written contract, and an additional obligation cannot be grafted thereon by parol testimony." *F. C. Brooks & Sons v. Shell Oil Co.*, 226 Ga. 435, 437 (1) (175 SE2d 557) (1970).

While as a general rule if a writing does not encompass the entire agreement between parties, parol evidence is admissible to prove other conditions not inconsistent with the writing, this is not true as to a contract required to be in writing by our statute of frauds. As to such contracts, while parol evidence is admissible to explain ambiguities, it cannot be admitted to supply elements which are missing. *Builder's Supply Corp. v. Taylor*, 164 Ga. App. 127, 128 (296 SE2d 417) (1982).

Briefly summarized, plaintiffs argue that the letter controls — setting out an employment duration of one year, but, if not, the letter juxtaposed with the form agreement creates an ambiguity which can only be clarified by parol evidence. Lastly, it is urged that oral representation prior to the writings induced plaintiffs to rely upon such representations, comprised part of the basis of the bargain and thus were essential ingredients of the employment agreement. Defendants argued simply that the two writings reveal unequivocally that each contract was terminable at will and that no parol evidence was admissible to either vary or supplement the agreement.

With regard to their contentions, plaintiffs are in effect confronted by Morton's Fork. When reliance is placed upon the two writings (the letter and the form agreement) the provisions are clear that the contract is terminable at will. When they assert the letter is in conflict with the form agreement, examination reveals the language in the letter is almost identical to that in *Taliaferro v. S&A Restaurant*, 172 Ga. App. 399 (323 SE2d 271) (1984) which this court interpreted did not establish a definite term of employment. See also *American Standard v. Jessee*, 150 Ga. App. 663, 665 (258 SE2d 240) (1979) and *Fortenberry v. Haverty Furn. Cos.*, 176 Ga. App. 360, 361 (1) (335 SE2d 460) (1985). Construing what is now OCGA § 34-7-1 "[t]hat wages are payable at a stipulated period raises the presumption that the hiring is for such period," in *American Standard*, supra, p. 665, this court held that documents referring to an annual salary merely establish the total amount payable during a twelve-month period and not the duration thereof. The computation of the salaries on an annualized basis does not turn this compensation term into a duration term. Thus the letter portion of the agreement does not create a conflict or ambiguity as to the form agreement; in like vein the letter standing alone contains no definite term so as to provide a basis for

recovery.

Impaled by one tine, plaintiffs are likewise pinioned by the other when they seek to argue a parol understanding as part of the overall agreement. While a parol agreement of indefinite duration is not within the statute of frauds, it is terminable at will. *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 840 (315 SE2d 51) (1984). Insofar as the parol agreement was one to begin at a future date and not in the present, and to continue thereafter for one year, it was not to be performed within one year and thus runs afoul of the statute of frauds. *Norman v. Nash*, 102 Ga. App. 508, 509 (2) (116 SE2d 624) (1960); *Slater v. Jackson*, 163 Ga. App. 342 (2) (294 SE2d 557) (1982). Moreover, the entry into employment under the agreement and the performance of services for a part of the term is insufficient part performance to remove the contract from the statute of frauds under OCGA § 13-5-31. *Morris v. Va. Car. Chemical Corp.*, 48 Ga. App. 702 (2) (173 SE 486) (1933); *Utica Tool Co. v. Mitchell*, 135 Ga. App. 635, 637 (218 SE2d 650) (1975); *Hudson v. Venture Indus.*, 243 Ga. 116, 118 (252 SE2d 606) (1979).

As a result, whatever approach is chosen leads to an inevitable end, that there can be no recovery under the contracts here, which are terminable at will. *Goodroe v. Ga. Power Co.*, 148 Ga. App. 193, 194 (1) (251 SE2d 51) (1978).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED OCTOBER 20, 1986.

*William R. King*, for appellants.
*Harmon W. Caldwell, Jr., Harry W. MacDougald*, for appellees.