73580. ATLANTA DAIRIES COOPERATIVE v. GRINDLE.
(356 SE2d 42)

CARLEY, Judge.

Appellee initiated an action to recover for appellant's alleged breach of a "franchised contractual relationship." At trial, appellant moved unsuccessfully for a directed verdict and the case was submit-

ted to a jury. The jury returned a verdict in favor of appellee. Judgment was entered on the jury's verdict and the trial court denied appellant's subsequent motion for judgment notwithstanding the verdict. Appellant appeals, enumerating as error the denial of its motions for directed verdict and for judgment n.o.v.

1. The evidence admitted at trial, construed most favorably for appellee, showed that the "franchised contractual relationship" consisted of an oral agreement whereby appellee was to serve as the distributor for appellant's dairy products in a designated geographic area. Although appellee contends that his distributorship was exclusive and "permanent," it is clear that, as a matter of law, it was for an indefinite period and terminable at will and that appellee therefore had no viable claim for appellant's alleged "wrongful termination" of the relationship. The Statute of Frauds would render appellee's alleged oral contract for a "permanent" distributorship unenforceable. "Such a contract must be in writing." *American Standard v. Jessee*, 150 Ga. App. 663 (1) (258 SE2d 240) (1979). Furthermore, even if appellant could demonstrate that the Statute of Frauds would not otherwise bar the enforceability of his "permanent" distributorship, "the contract is nevertheless for an indefinite hiring and for that reason is unenforceable. 'A contract for permanent employment has been held to be a contract to continue indefinitely, and terminable at any time by either of the parties.' [Cit.]" *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 571 (1) (208 SE2d 583) (1974).

Appellee had "no written contract of employment and was, thus, an employee terminable at will. In the case of an employee terminable at will, there can be no cause of action for wrongful termination. [Cit.]" *Shannon v. Huntley's Jiffy Stores*, 174 Ga. App. 125 (2) (329 SE2d 208) (1985). "[A] hiring indefinite as to time is terminable at the will of either party and creates no executory obligations. [Cits.]" *Lowe v. Royal Crown Cola*, 132 Ga. App. 37, 40-41 (1) (207 SE2d 620) (1974). See also *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701 (331 SE2d 75) (1985). Accordingly, insofar as appellee asserted a "wrongful termination" claim, appellant's motion for a directed verdict should have been granted and the trial court erred in denying the motion for judgment n.o.v.

2. However, simply because appellee had no viable "wrongful termination" claim, it does not necessarily follow that he had no viable claim whatsoever based upon his oral contractual relationship with appellant. A writing would be a threshold requirement to the enforceability of any executory elements of appellee's alleged distributorship relationship, but not as to any of the executed portions. "The provisions of [the Statute of Frauds] do not extend to . . . cases: Where there has been performance on one side, accepted by the other in accordance with the contract." OCGA § 13-5-31 (2). See also OCGA §

11-2-201 (3) (c) which provides that the Statute of Frauds does not render a contract for the sale of goods unenforceable "[w]ith respect to goods for which payment has been made and accepted or which have been received and accepted. . . ." Thus, the Statute of Frauds would have no application in cases involving "a contract to begin in praesenti, for an indefinite period, terminable at will, and the employee thereunder [is] suing on the contract for *the amount of compensation due him, based upon services actually performed by him up to the time of his discharge, and not for damages or for compensation for services not performed or for any breach of contract.* In such a case it [is] not necessary that the plaintiff sue on a quantum meruit for services actually performed." (Emphasis supplied.) *Brazzeal v. Commercial Cas. Ins. Co.*, 51 Ga. App. 471-472 (180 SE 853) (1935). See also *Spindel v. Nat. Homes Corp.*, 110 Ga. App. 12, 15 (137 SE2d 724) (1964); *Trade City G.M.C. v. May*, 154 Ga. App. 371, 372 (2) (268 SE2d 421) (1980); *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 840 (2) (315 SE2d 51) (1984).

In addition to his non-viable claim for wrongful termination, appellee was apparently also advancing a claim for unpaid consideration that was due him under the contract as it had been executed. Appellee presented evidence that, in the course of the relationship, appellant orally agreed that the price at which it had made its dairy products available to him in the past had been too high and that, as the result, appellee would be afforded a "credit" against his future purchases. Appellant's Statute of Frauds defense would not be viable as against enforcement of the alleged oral "modification." See generally *Dan Gurney Indus. v. Southeastern Wheels*, 168 Ga. App. 504, 505 (2) (308 SE2d 637) (1983). Likewise, there was sufficient evidence of consideration for appellant's alleged agreement to modify the contract price of its previously sold goods. See generally *Hans Godo Frabel, Inc. v. Brennan's of Atlanta*, 151 Ga. App. 379 (259 SE2d 649) (1979); *Giant Peanut &c. Co. v. Long Mfg. Co.*, 129 Ga. App. 685, 687 (201 SE2d 26) (1973). Accordingly, the trial court did not err in denying appellant's motion for a directed verdict as to appellee's viable non-executory claim based upon the oral "modification" of the terms of the distributorship.

3. For the reasons discussed in Division 1, the trial court erred in failing to grant appellant's motion for a directed verdict or for judgment n.o.v. as to appellee's "wrongful termination" claim. For the reasons discussed in Division 2, the trial court correctly denied appellant's motions for a directed verdict as to appellee's "modification" claim. However, the verdict returned by the jury does not indicate whether it was based upon the viable or the nonviable claim. Under these circumstances, the denial of the motion for judgment n.o.v. as to appellee's "wrongful termination" claim is reversed with direction

that judgment be entered for appellant and the denial of the motion for judgment n.o.v. as to the "modification" claim is reversed with direction that a new trial as to that claim be held. See OCGA § 9-11-50 (d). "A new trial must be had because it can not be determined from the jury's verdict on which count it was based." *Perry v. Poss*, 86 Ga. App. 169, 174 (1) (71 SE2d 283) (1952). "Since 'it is impossible to determine whether part or all of the award was [authorized] . . . the case must be reversed . . . and a new trial had' solely as to the issue of the recovery by appellee . . . based upon the [modification claim]. [Cit.] It is so ordered." *Sanders v. Brown*, 178 Ga. App. 447, 453 (5) (343 SE2d 722) (1986).

*Judgment reversed with direction. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 11, 1987 —
REHEARING DENIED MARCH 31, 1987 —

*Paul Webb, Jr., William C. Gentry, Philip S. Coe*, for appellant. *J. Nathan Deal*, for appellee.