A89A2317. RICHARD A. NASO & ASSOCIATES, INC.
v. DIFFUSION.
(390 SE2d 106)

BIRDSONG, Judge.

Richard A. Naso & Associates, Inc. ("Naso") appeals from the grant of summary judgment to I. B. Diffusion, L. P. ("Diffusion"), on Naso's claims arising from the termination of a business relationship between Naso and Diffusion. Naso sued Diffusion for damages caused by the termination, for tortious interference with Naso's relationship with its employees, and to recover certain allegedly unpaid commissions.

The record reveals that the parties reached an oral agreement in 1980 for Naso to be Diffusion's sales representative and be paid on a commission basis. Naso admits that the agreement was not for a defi-

nite term, was never reduced to writing, and was revised from time to time and year to year based upon the conduct of the parties.

Apparently, there were no disagreements about commissions paid Naso until Naso received a Diffusion memorandum which Naso asserts changed the method of paying commissions. Naso did not protest the memorandum at the time, and accepted commissions paid under what Naso contended was a new method of payment.

Some date before April 1987, Naso learned that Diffusion was inquiring about obtaining display space of its own in locations where it was represented by Naso. Because of concerns about their continued business relationship, Naso met with Diffusion. At the meeting Diffusion stated that it intended to continue the relationship with Naso, and, according to Naso, agreed to Naso leasing certain display space for five years because their relationship would continue for that long.

Naso leased the display space and continued to represent Diffusion until June 1987, when it was advised by Diffusion that their business relationship would be ended effective July 31, 1987. Although Naso was paid commissions on orders taken before the termination date and not shipped until after, Naso claims that it is entitled to additional commissions. Further, after July 31, certain employees left Naso to work for Diffusion, and Naso claims that Diffusion improperly interfered with its relationship with these employees by inducing them to leave. In March 1988, Naso filed its action on these claims.

There was no dispute about most of the terms of the agreement, but Diffusion denied that commissions were ever intended to be paid on other than an as-shipped basis. Further, it also denied that Naso was promised their relationship would continue for five more years. Moreover, while Diffusion admitted it told Naso in April 1987, that the relationship would continue, it contends that at the time it had no intention then to end their business relationship, and it made no promises as to the duration of the agreement.

Diffusion was granted summary judgment because the trial court found that Naso was not entitled to damages from the termination of the contract since the agreement was terminable at will, that Naso was not entitled to damages on the fraud claim because the alleged fraud was premised on an unenforceable promise about future events and Naso had suffered no damages from the purported fraud, that Naso was not entitled to damages on the tortious interference claim because there was no evidence that Diffusion had interfered with Naso's employees, and that Naso was not entitled to additional commissions other than those paid into the court because the agreement could be modified at any time by either party and Naso had accepted commissions paid without protest and had waived its right to complain of any underpayment. Naso's appeal contends that the trial court erred by granting the motion for summary judgment because

genuine issues of material fact remain to be tried. *Held*:

Naso cites several cases on part performance of contract (e.g., *Allen & Bean v. American Bankers Ins. Co.*, 153 Ga. App. 617 (266 SE2d 295), as well as OCGA § 13-5-31) to support its contention that Diffusion should be bound to perform its part of the contract or estopped from terminating the agreement before the five-year period during which Diffusion allegedly promised Naso the agreement would continue because Naso performed its part of the contract. Naso also argues that a question of fact remains whether Diffusion made such a promise.

These contentions have no merit. Naso had an oral contract to represent Diffusion for an indefinite period. Such contracts are terminable at will (*Atlanta Dairies Co-op v. Grindle*, 182 Ga. App. 409, 410 (356 SE2d 42); *Gatins v. NCR Corp.*, 180 Ga. App. 595, 598 (349 SE2d 818)), and Naso's prior representation of Diffusion does not alter that result. *Slater v. Jackson*, 163 Ga. App. 342, 343 (294 SE2d 557); *Hudson v. Venture Indus.*, 147 Ga. App. 31 (248 SE2d 9). See also *Hudson v. Venture Indus.*, 243 Ga. 116 (252 SE2d 606).

Further, the purported statement by Diffusion that the arrangement would continue for five more years does not add to Naso's case. As this would be a five-year contract, it must be in writing to be enforceable. OCGA § 13-5-30 (5). Since it was not in writing, it cannot be enforced and Naso cannot rely on it. *Atlanta Dairies Co-op v. Grindle*, supra.

Similarly, Naso cannot rely on the alleged violation of the terms of this five-year representation agreement for its fraud claim. Actionable fraud cannot be based on this alleged promise since it relates to future acts. *Alston v. Brown Transport Corp.*, 182 Ga. App. 632 (356 SE2d 517); *Zappa v. Basden*, 188 Ga. App. 472, 476 (373 SE2d 246). Further, this result obtains even if Diffusion did not intend to honor the agreement for five years when the statement allegedly was made because the promise itself was not in writing and hence was unenforceable. *Alston v. Brown Transport Corp.*, supra at 633; *Ely v. Stratoflex, Inc.*, 132 Ga. App. 569, 572 (208 SE2d 583).

Additionally, Naso's lease of the display space does not constitute part performance of the five-year agreement sufficient to remove the agreement from the requirements of OCGA § 13-5-30 (5) since renting the space was not part performance of the contract. *Tompkins v. Tompkins*, 88 Ga. App. 563 (76 SE2d 819). Instead, as Naso's argument concedes, it was merely an act in reliance on the contract. To constitute part performance in this sense, the partial performance must be substantial and essential to the contract. *Zappa v. Basden*, supra at 476. The lease of the display space was neither. Moreover, the record demonstrates that Naso suffered no damages from Diffusion's alleged breach of the five-year promise because the obligations

Naso identified were incurred prior to the date of the alleged promise or others assumed the obligation. Accordingly, Naso cannot establish this essential element of a fraud claim. OCGA § 51-6-1.

Diffusion was properly granted summary judgment on Naso's claim of tortious interference with Naso's relationship with its employees. The motion was supported by affidavits and deposition testimony showing that it did not interfere with the relationship because it did not solicit Naso's employees to leave Naso. The evidence showed that certain of Naso's employees approached Diffusion about employment after they learned that Diffusion was ending the relationship. Such evidence pierced the pleadings of Naso's complaint (*Waldrep v. Goodwin*, 230 Ga. 1, 2 (195 SE2d 432)) because proof that Diffusion induced the employees to leave Naso is an essential element of the claim. *Integrated Micro Systems v. NEC Home Electronics*, 174 Ga. App. 197, 200 (329 SE2d 554). Consequently, Naso was required to set forth *specific facts* showing there exists a genuine issue for trial or summary judgment would be entered against it. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173). Naso's rebuttal relied on the verified pleadings, an affidavit, and a deposition which Naso contended made clear that Diffusion schemed to hire away its employees. The verified complaint, however, merely stated various conclusions without specific facts; the affidavit does not contain information about this issue; and the deposition states that Naso "believes" that Diffusion approached the employees, but does not state any facts supporting this belief other than someone from Diffusion was seen talking to the Naso employees about something. Naso's rebuttal does not show that there was a genuine issue for trial. Conclusory allegations, without substantiating facts or circumstances, are not sufficient to raise a material issue for trial. *Morton v. Stewart*, 153 Ga. App. 636, 642-643 (266 SE2d 230). Further, merely stating that one "believes" is not the same as setting forth specific facts (see *Brown v. J. C. Penney Co.*, 123 Ga. App. 233, 234-235 (180 SE2d 364)), and stating that the belief is based upon having observed business associates talking also does not constitute sufficient rebuttal. At best this is merely circumstantial evidence from which it might be inferred that they were talking about leaving Naso for Diffusion, but not necessarily at Diffusion's inducement. Naso was required to rebut with specific facts, and rebuttal with circumstantial evidence from which inconsistent facts might be inferred, but which were not demanded, is not sufficient. *Allen Kane's Major Dodge v. Barnes*, 243 Ga. 776, 779-783 (257 SE2d 186). In particular, this circumstantial evidence has no probative value when measured against the uncontradicted evidence that no one from Diffusion approached the employees about leaving Naso. *Esco v. Jackson*, 185 Ga. App. 901, 903-904 (366 SE2d 309); *Cohen v. Hartlage*, 179 Ga. App. 847, 850-851 (348 SE2d

331). Thus, giving Naso the benefit of all reasonable doubt and construing the evidence and all inferences and conclusions arising therefrom in his favor, Naso has nevertheless failed to carry its burden. *Peterson v. Liberty Mut. Ins. Co.*, 188 Ga. App. 420, 422 (373 SE2d 515).

The Georgia sales representative statute, OCGA § 10-1-700 et seq., does not apply in this case because it applies only to agreements entered into on or after July 1, 1986. Ga. L. 1986, p. 884, § 2. As this agreement in this case was entered into in 1980, it does not fall within the purview of the statute. Moreover, any claim that Naso was otherwise entitled to commissions is deemed abandoned as no such error was enumerated and no citation of authority or argument in support of such claim was made in Naso's brief. Court of Appeals Rule 15 (c) (2); *Bicknell v. Joyce Sportswear Co.*, 173 Ga. App. 897, 898 (328 SE2d 564).

Naso's enumeration of error being without merit, summary judgment was properly granted to Diffusion.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1990.

*Charles J. Vrono*, for appellant.
*Smith, Gambrell & Russell, Thomas W. Rhodes, Edward H. Wasmuth, Jr.*, for appellee.