A90A0011. FOREMAN v. EASTERN FOODS, INC.

(393 SE2d 695)

Birdsong, Judge.

Eastern Foods was granted summary judgment on Foreman's breach of employment contract claims that he was wrongfully terminated and that he was entitled to one year's salary, a bonus, and a stock option. The case went to trial only on Foreman's claim that he was entitled to be reimbursed by Eastern Foods for part of the loss he suffered in selling a home.

At the conclusion of Foreman's evidence, the trial court, sua sponte, stated its intention to grant a directed verdict to Eastern Foods. Thereafter, Eastern Foods made such a motion contending that Foreman had made an insufficient showing of the assent of the parties and specific subject matter of the agreement. The motion was granted and Foreman appeals, asserting that the trial court erred by granting the motion for summary judgment and the motion for a directed verdict. *Held*:

1. Foreman's claims are based on an agreement he reached with the president of Eastern Foods, Brooks, about his employment. He relied on his testimony about the agreement and letters between them as evidence of the agreement.

Brooks' first letter expressing his satisfaction that Foreman was going to work for Eastern Foods stated: "I assume now that the best thing to do would be to try and get together on some definite agreement, either in writing or by phone, and start making arrangements toward that end." Foreman's first letter listed nine specific items of agreement. Item number 6 stated: "Effective Monday, October 27, 1986, we have put our house in Oklahoma City on the market. Due to weak market conditions and property devaluations you have agreed to pay at least one-half of the loss we would realize as a result of selling the house."

Brooks' response specifically addressed each item in Foreman's letter. Item number 6 stated: "Yes I have agreed to pay one-half of a market evaluation on your house, up to $15,000."

The last correspondence from Brooks to Foreman, dated some five months after Foreman started working for Eastern Foods stated: "[A]s per my discussion today, our agreement is going to be void as

written in that we will not pay to move you or pay you the monies difference that you may lose on your home, up to $15,000." (Notwithstanding this statement, Eastern Foods paid Foreman's moving expenses.)

At trial Foreman testified that he had explained to Brooks he could not come to work for Eastern Foods unless Eastern Foods agreed to share in the $30,000-40,000 loss he expected to suffer on the sale of his house, and that Brooks' oral agreement to do so was the basis for their correspondence. Foreman also testified he purchased the home for $125,000 in 1982, sold it for $105,000 in 1987, and because of improvements, commissions, and fees, he lost over $31,000 on the sale. Further, Foreman testified that he kept Brooks aware of the progress of the sale of his house, and that he contracted to sell the house before Brooks gave him the memorandum stating that Eastern Foods would not reimburse him for the loss he incurred.

The record shows that prior to the close of Foreman's evidence, out of the presence of the jury, and before examining the correspondence between the parties, the trial judge stated that he did not believe Foreman had established that he would be entitled to judgment. The trial court felt there was not enough evidence to prove the evaluation of the property and there was no definiteness in the agreement "as to what the value is for." Further, the trial court went on to state his understanding of how a contract of this nature should be expressed.

A directed verdict is authorized when "there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a). Further, the evidence must be construed most favorably to the party opposing the motion. *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 184 (129 SE2d 408). " 'The standard of appellate review of the trial court's denial of a motion for directed verdict is the "any evidence" standard.' " *F. A. F. Motor Cars v. Childers*, 181 Ga. App. 821 (354 SE2d 6).

As the party asserting the existence of the contract, Foreman had the burden of proving its existence and terms. *Jackson v. Easters*, 190 Ga. App. 713, 714 (379 SE2d 610). As Brooks' correspondence acknowledges that there was an agreement between the parties, the question is whether there was sufficient evidence of an agreement requiring Eastern Foods to reimburse Foreman for a portion of the loss. See *Farmer v. Argenta*, 174 Ga. App. 682, 683 (331 SE2d 60). We conclude that there was.

Foreman's testimony and the letters were sufficient to show that Eastern Foods agreed to pay Foreman for one-half of his loss on the sale of his house, up to $15,000. Further, Foreman's testimony was sufficient to show that he had suffered a loss on his house. His testi-

mony stated the buying and selling price of the home and the costs of the improvements and expenses he incurred. Thus, no question was raised about his qualifications to state an opinion about the value of his home. There is no requirement that the agreement specify the exact loss that Foreman would incur for it to be enforceable.

Since this particular agreement was capable of being performed within one year and was part of an agreement terminable at will, there is no requirement that it be in writing. See OCGA § 13-5-30; *Vitner v. Funk*, 182 Ga. App. 39, 43 (354 SE2d 666); *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839, 841 (315 SE2d 51). Eastern Food's arguments that the writings were insufficient to prove the agreement is misplaced because there is no requirement that the agreement be in writing.

Accordingly, as there was evidence to establish a valid contract under Georgia law, the trial court erred by directing the verdict for Eastern Foods. If any question is raised about ambiguities in the agreement, these can be resolved through the usual rules for construction of contracts. OCGA § 13-2-1 et seq.

2. The trial court, however, did not err by granting summary judgment to Eastern Foods on Foreman's claims that he was wrongfully terminated, that he was entitled to one year's salary, that he was entitled to participate in the profit sharing plan, or that he was entitled to purchase stock in the company. The record is clear that Foreman had no contract for a stated period. *Presto v. Scientific-Atlanta*, 193 Ga. App. 606-607 (388 SE2d 719). His employment was indefinite and could be terminated at will. *Taylor v. AMISUB*, 186 Ga. App. 834, 835 (368 SE2d 791). Further, the mere reference to the position's annual salary is not sufficient to invoke the OCGA § 34-7-1 presumption. *Fortenberry v. Haverty Furniture Cos.*, 176 Ga. App. 360, 361 (335 SE2d 460).

Therefore, Foreman was not entitled to recover a guaranteed salary or to receive benefits to which he would only have been entitled if he had worked for a full year. As his entitlement to purchase stock was contingent upon one year's agreed-upon performance and as he did not so perform, he was not entitled to purchase the stock. Further, even if he were entitled to purchase the stock, under the agreement he would have been required to sell the stock back for the same price, and thus he suffered no loss. Also, as participation in the profit sharing plan required employment for one year, and Foreman was not so employed, he was not entitled to receive these benefits. *Presto v. Scientific-Atlanta*, supra. Foreman could only receive those benefits to which he was entitled. See *Gale v. Hayes Microcomputer Prods.*, 192 Ga. App. 30, 32 (383 SE2d 590). Although Foreman correctly notes that Eastern Food's motion for summary judgment specifically encompassed only Eastern Food's right to terminate Foreman's em-

ployment at will, these other claims were dependent upon Foreman's continued employment, and there was no error in granting summary judgment on them also. *Sims T. V. v. Fireman's Fund Ins. Co.*, 108 Ga. App. 41, 43 (131 SE2d 790).

3. The grant of summary judgment on the bonus claim, however, was not authorized. Foreman's complaint claims bonuses earned before his termination, and not some future entitlement. Therefore, although Foreman's employment could be terminated at will, he is entitled to recover bonuses earned while he was employed. *Atlanta Dairies Co-op v. Grindle*, 182 Ga. App. 409, 410-411 (356 SE2d 42); *Trade City G. M. C. v. May*, 154 Ga. App. 371, 372 (268 SE2d 421).

As the only evidence of record on the bonus, when summary judgment was granted, was Foreman's deposition testimony that he had orally agreed to be paid a bonus based on a certain formula and that he had earned a bonus, there was a genuine issue of material fact on this issue. Compare *Christensen v. Roberds of Atlanta*, 189 Ga. App. 289, 291 (375 SE2d 267). Accordingly, the trial court erred by granting summary judgment to Eastern Foods on this claim and to that extent, the grant of summary judgment must be reversed.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 9, 1990.

*Ford & Haley, David C. Cole*, for appellant.
*Gorby, Reeves, Moraitakis & Whiteman, Nicholas C. Moraitakis, Mary M. House*, for appellee.