## S01G1230. PARKER v. CRIDER POULTRY, INC. et al.
(565 SE2d 797)

BENHAM, Justice.

Appellant Jeffrey Parker formerly served as president and chief executive officer of appellees Crider, Inc., and Crider Poultry, Inc. In May 1998, while serving in those positions, Parker sent a letter resigning his positions effective August 1998. The Crider corporations filed suit against him seeking repayment of a bonus advanced to Parker and damages for an alleged breach of fiduciary duty. Parker filed a counterclaim in which he claimed appellees had breached his employment agreement by refusing to honor the three-month notice period set out in the parties' agreement by either permitting him to work for the three months between the date of his notice and the effective date of his resignation, or by paying him his salary for the three-month period. The trial court granted partial summary judgment to appellees on the counterclaim and the Court of Appeals affirmed the trial court's action. *Parker v. Crider Poultry*, 249 Ga. App. 381 (549 SE2d 711) (2001). We granted Parker's petition for a writ of certiorari to the Court of Appeals, asking whether the Court of Appeals erred when it held that Parker could not recover on his claim for breach of the notice provision.

1. Both the trial court and the Court of Appeals based their judgments on the interplay between the Statute of Frauds[1] and a letter drafted and signed by W. A. Crider, Jr., on behalf of the Crider corporations, and counter-signed by appellant Parker. The letter set forth the base salary to be paid Parker, the formula for computing an incentive bonus, appellant's title and starting date, other benefits, and provided "Three months notice for either party." Citing *Gatins v. NCR Corp.*, 180 Ga. App. 595 (349 SE2d 818) (1986), the trial court determined that appellant's claim failed because the letter agreement did not comply with the Statute of Frauds since "a writing with an indefinite term does not comply with the statute." The Court of Appeals affirmed the trial court's judgment on the ground that the letter agreement was a contract that the Statute of Frauds required to be in writing because "the performance of [Parker's] employment agreement was not to be completed within one year" since he had submitted his letter of resignation more than two years after he had started working for Crider. Our review of the law leads us to conclude that both courts erred in their determination that the employment

---

[1] The Statute of Frauds is codified at OCGA § 13-5-30 and provides that certain types of obligations must be in writing and signed by the party to be charged in order for the obligation to be binding on the promisor. The obligation pertinent to the case at bar is found in subsection (5) of the statute: "Any agreement that is not to be performed within one year from the making thereof" must be in writing and signed by the party to be charged in order to be binding on the promisor.

agreement between Parker and the Crider corporations fell within the Statute of Frauds.

The letter agreement did not state the duration of the term of employment. An employment contract containing no definite term of employment is terminable at the will of either party. *Ford Clinic v. Potter*, 246 Ga. App. 320 (540 SE2d 275) (2000); *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10 (410 SE2d 137) (1991). A contract of employment of indefinite duration does not fall within the Statute of Frauds. *Wood v. Dan P. Holl & Co.*, 169 Ga. App. 839 (2) (315 SE2d 51) (1984) (overruling *Sams v. Duncan & Copeland*, 153 Ga. App. 765 (266 SE2d 546) (1980), in which the court had held that an employment agreement of indefinite duration fell within the purview of the Statute of Frauds). This is so because, at its inception, a contract of employment for an indefinite duration is an agreement capable of being performed within one year, and the possibility of performance of the contract within one year is sufficient to remove it from the Statute of Frauds. *Bibb Distrib. Co. v. Stewart*, 238 Ga. App. 650, 654 (519 SE2d 455) (1999). The number of years the parties operate under an employment contract of indefinite duration does not affect the applicability of the Statute of Frauds. See, e.g., *Wood v. Dan P. Holl & Co.*, supra, 169 Ga. App. 841, where the employee had worked for the company from 1974 to 1982 and her contract of employment for indefinite duration was held to be outside the Statute of Frauds; *Trade City G.M.C. v. May*, 154 Ga. App. 371 (2) (268 SE2d 421) (1980), where the employee had worked for 16 months and his employment contract of indefinite duration was held to be outside the Statute of Frauds. Thus, the Court of Appeals erred when it determined that the employment agreement relied upon by Parker was within the Statute of Frauds because Parker had completed over a year of employment under the contract before the dispute arose. The trial court misplaced its reliance when it cited *Gatins v. NCR Corp.*, supra, 180 Ga. App. 595, because that case is distinguishable in that the contracts sought to be enforced therein were not to be performed within one year of their making and therefore had to be in writing under the Statute of Frauds. When a contract is required to be in writing, the writings relied upon must contain the entire agreement. Id.

2. Because of their separate determinations that the Statute of Frauds was applicable to Parker's employment agreement, neither the trial court nor the Court of Appeals addressed the merits of Parker's assertion that the Crider corporations breached the employment agreement when they did not adhere to the three-months' notice provision. While an employee with an employment agreement of indefinite duration may not successfully pursue a wrongful termination claim upon termination of employment, the employee has a

claim for breach of contract if the employer had agreed to give notice of termination but did not. *Burritt v. Media Marketing Svcs.*, 204 Ga. App. 848 (2) (420 SE2d 792) (1992). See also *King Industrial Realty v. Rich*, 224 Ga. App. 629 (481 SE2d 861) (1997). In the case at bar, Parker sent a letter to W. A. Crider, Jr., on May 7, 1998, informing Crider that

> This serves as my written notice of my intention to exercise, under our agreement, my option to resign my position by providing three months notice to you. Therefore, I resign as President/CEO of Crider, Inc. and Crider Poultry, Inc. ninety days from this date or on Wednesday, August 5, 1998.

In his deposition, Parker testified that he recognized Crider had the authority to determine whether Parker worked during the three-month period between notice and resignation, that Crider accepted the resignation immediately on May 7, and that Parker did not return to work at Crider during the three-month period. It is unclear whether Parker's failure to work at Crider during the notice period was due to the fact that Crider accepted the notice of resignation and made it effective on the day of receipt, thereby effectively terminating Parker's employment without giving the required three months' notice, or whether Parker made the decision not to report to work for the three-month period, thereby effectively terminating his employment without giving the required three-months' notice. In light of the unresolved factual issue, summary judgment was inappropriate, making erroneous both the trial court's grant of summary judgment to appellees on Parker's counterclaim, and the Court of Appeals' affirmance of that judgment.

*Judgment reversed. All the Justices concur, except Fletcher, C. J., who concurs in the judgment only in Division 2.*

DECIDED JUNE 24, 2002 —
RECONSIDERATION DENIED JULY 26, 2002.

*Capers, Dunbar, Sanders & Bruckner, Ziva P. Bruckner*, for appellant.

*Troutman Sanders, Steven J. Hewitson, William M. Droze*, for appellees.