A03A0608. RODRIGUEZ v. VISION CORRECTION GROUP, INC.

(580 SE2d 266)

BLACKBURN, Presiding Judge.

Following a grant of summary judgment to Vision Correction Group, Inc. ("VCG"), Mary Rodriguez appeals, arguing that the trial court erred in finding that no questions of fact remain regarding her claim of quantum meruit and unjust enrichment in this action for back wages arising out of an employment dispute. Because the undisputed evidence shows that Rodriguez is not entitled to back wages and was reasonably compensated for her services, we affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Dover v. Mathis.*[1]

Viewed in this light, the evidence shows that in March 1995, Rodriguez, a freelance financial consultant, accepted a position as VCG's chief financial officer, for a starting salary of $105,000. This was $20,000 more than VCG's original offer, and "on the high side" of

---

[1] *Dover v. Mathis*, 249 Ga. App. 753 (549 SE2d 541) (2001).

what VCG considered appropriate. Rodriguez was also promised bonuses once VCG became profitable, and eventual stock options. The details of the stock option plan, including the timing of its implementation, were never defined, and its value was purely speculative. It is undisputed that there was no contract for any benefits other than those actually paid. Although Rodriguez was concerned that her salary was less than she could earn as a full-time consultant, she understood that the stock options were not intended to "bridge the gap" and accepted the position for the compensation actually received. She was employed continuously until her termination in October 1999. In addition to her base salary, Rodriguez did receive bonuses during her tenure, and she was allowed to provide consulting services to other clients from her VCG office, thereby increasing her personal income.

In November 1998, Rodriguez was instructed to create a stock option plan. Rodriguez was terminated on October 1, 1999, before any stock option plan was effective. Rodriguez then sued, complaining she never received the stock options she was "promised." She sought not stock options, but her "market value" in cash.

Rodriguez's only right to sue would be under a contract theory. See *E. D. Lacey Mills, Inc. v. Keith*.[2] However, Georgia is an at-will state, and the terms of an at-will employment contract are generally unenforceable. *Hightower v. Kendall Co*.[3] Here, both parties admit Rodriguez was an at-will employee and there was no enforceable contract for stock options or for any other compensation. Furthermore, Rodriguez agreed to work for the salary she was paid, even though it was less than she could have made as a consultant. She continued to work for this salary for four years. Now, in retrospect, she seeks what she perceives as her market value. She cannot ask a court to enforce a contract that does not exist, for an amount VCG never agreed to pay.

Rodriguez attempts to circumvent this truth by suing in quantum meruit and unjust enrichment. Rodriguez cannot recover based on these theories, however, because she cannot show that she was not already reasonably compensated for her services. *Nelson & Hill, P.A. v. Wood*;[4] *Jackson v. Ford*.[5] Rodriguez admits that her total cash compensation was "reasonable." She has cited no cases where an employee was allowed to recover damages in quantum meruit or unjust enrichment after she was already paid the salary she negotiated. See *Nelson & Hill, P.A.*, supra at 66. "Indeed, [Rodriguez] would

---

[2] *E. D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 362 (359 SE2d 148) (1987).

[3] *Hightower v. Kendall Co.*, 225 Ga. App. 71 (483 SE2d 294) (1997).

[4] *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 64 (537 SE2d 670) (2000).

[5] *Jackson v. Ford*, 252 Ga. App. 304, 308 (555 SE2d 143) (2001).

appear to have conceded that [her] salary reasonably compensated [her] by continuing to work for it throughout the entire period in question." *Walker v. Gen. Motors Corp.*[6]

The trial court did not state its reasoning in granting summary judgment on behalf of VCG. However, a decision right for any reason will be affirmed. *Kaylor v. Atwell.*[7]

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 20, 2003.

*Mitchell & Shapiro, Kenneth A. Shapiro, Mitchell D. Benjamin,* for appellant.
*Alston & Bird, Robert P. Riordan,* for appellee.

---

[6] *Walker v. Gen. Motors Corp.,* 152 Ga. App. 526, 527 (1) (263 SE2d 266) (1979).
[7] *Kaylor v. Atwell,* 251 Ga. App. 270, 272 (553 SE2d 868) (2001).