A03A1066. McCLESKY v. VERICON RESOURCES, INC.

(589 SE2d 854)

RUFFIN, Presiding Judge.

After Paul McClesky was fired from his employment with the Home Depot, Inc., he sued both Home Depot and Vericon Resources, Inc., the company that provided a report to Home Depot that purportedly showed McClesky had falsified his employment application. The trial court granted Vericon's motion for summary judgment. In two enumerations of error, McClesky challenges the trial court's ruling. Finding no error, we affirm.

A trial court properly grants summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In reviewing a trial court's grant of summary judgment, we apply a de novo standard of review and view the evidence, and all reasonable inferences therefrom, in a light most favorable to the nonmoving party.[2]

Viewed in this light, the record reveals that McClesky applied for employment with Home Depot in August 1999. In his employment application, McClesky indicated that he had *not* been convicted of a felony or misdemeanor within the past five years. Home Depot hired McClesky.

As part of the hiring process, McClesky signed a consent form, permitting Home Depot and its agents to perform a background check. This consent form provided, in pertinent part, that McClesky

release[d] Home Depot and/or its agents and any person or entity, which provides information pursuant to this authorization, from any and all liabilities, claims, or lawsuits in regard to the information obtained from any and all of the above referenced sources used.

In October 2000, Home Depot requested that Vericon conduct a criminal background search on McClesky. A third party actually con-

---

[1] See *Rodriguez v. Vision Correction Group*, 260 Ga. App. 478 (580 SE2d 266) (2003).
[2] See id.

ducted the investigation. After receiving the report, Vericon faxed the results of the investigation to Home Depot on November 13, 2000. The report suggested that McClesky had used the name Edward James Sims, Jr. as an alias and that Sims had been convicted for several crimes in 1998.[3] On November 16, 2000, Home Depot terminated McClesky for falsifying his employment application.

On November 14, 2001, McClesky sued Home Depot, several of its employees, and Vericon, alleging, inter alia, claims for negligence, defamation, libel, and slander. According to McClesky, he never used Edward James Sims as an alias and did not commit the crimes referred to in the report. Vericon moved for summary judgment, asserting that the release McClesky signed barred the suit.[4] Vericon also asserted that the libel, slander, and defamation claims were not filed within the statute of limitation. The trial court agreed and granted Vericon's motion, and this appeal ensued.

1. McClesky contends that the trial court erred in finding that the release he signed barred his suit against Vericon. Specifically, McClesky points to the fact that Vericon did not have a Georgia license to conduct background investigations as required by OCGA § 43-38-1 et seq. Pursuant to OCGA § 43-38-16, "[a]ny person who engages in the . . . private security business or offers, pretends, or holds himself out as eligible to engage in the . . . private security business and who is not legally licensed or registered under this chapter shall be guilty of a misdemeanor." McClesky cites *Ga. Central Credit Union v. Weems*[5] for the principle that contracts made in violation of a statute are void and unenforceable. Thus, McClesky reasons, Vericon's lack of a license voided its contract with Home Depot, and any information it provided was "illegally obtained." We find McClesky's reasoning unpersuasive for multiple reasons, two of which we will address here.

First, the record reveals unequivocally that Vericon did not, in fact, perform the investigation. Rather, Vericon subcontracted the actual investigation to a third party, and McClesky points to no evidence showing, or even suggesting, that the entity that performed the search lacked a license.

Second, McClesky's licensing argument is a red herring.

---

[3] Specifically, the report stated that Sims "may or may not be" McClesky. It is not entirely clear from the record or the briefs how it was determined that McClesky may have used Sims as an alibi.

[4] Vericon refers to the form as a "covenant not to sue," and there apparently was a question raised at the trial level as to whether the consent form was a release or a covenant not to sue, which are distinct. See *Marret v. Scott*, 212 Ga. App. 427, 429-430 (1) (c) (441 SE2d 902) (1994). The trial court pretermitted the issue, and McClesky does not address the distinction on appeal. For the sake of clarity, we refer to the agreement as a release.

[5] 157 Ga. App. 439, 440 (1) (278 SE2d 88) (1981).

McClesky argues that the agreement between Home Depot and Vericon is void due to Vericon's lack of a license. However, the dispositive issue is not the validity of the agreement between Home Depot and Vericon, but the validity of McClesky's agreement to release Home Depot and its agents from any and all claims and lawsuits stemming from its background check. Such agreements are generally binding absent evidence of gross negligence or wilful or wanton misconduct.[6] Accordingly, McClesky is barred from bringing his negligence claims against Vericon, which acted as an agent of Home Depot.[7]

In his complaint, McClesky arguably asserted a claim for gross negligence, which would not be barred by the release. In order to sustain this claim, however, McClesky must point to some evidence of gross negligence. Here, the record reveals that the only actions taken by Vericon included: entering an agreement with Home Depot to provide background checks; contracting with a third party to conduct the investigation; and forwarding the results to Home Depot. There is nothing in this conduct that remotely can be considered evidence of gross negligence, especially as the report merely indicated that McClesky and Sims *might* be the same person. It follows that the trial court properly granted summary judgment as to any claim for gross negligence.[8]

2. McClesky also contends that the trial court erred in finding his libel, slander, and defamation claims barred by the statute of limitation. As noted by the trial court, the applicable statute of limitation is one year.[9] Here, the trial court found that the report was "published" on November 13, 2000, the date Vericon provided the report to Home Depot. Because suit was not filed until November 14, 2001, the trial court determined that it was barred by the statute of limitation. On appeal, McClesky contends that the actual publication date was November 16, 2001 — the date he was fired.[10] Thus, he concludes, the trial court erred in using the earlier date. Again, we find McClesky's arguments lack merit for several reasons.

Given our conclusion in Division 1 that the release McClesky signed was valid, he arguably is barred from maintaining his defa-

---

[6] See *Barbazza v. Intl. Motor Sports Assn.*, 245 Ga. App. 790, 792 (2) (538 SE2d 859) (2000); *Hall v. Gardens Svcs.*, 174 Ga. App. 856, 857 (332 SE2d 3) (1985) ("Exculpatory clauses in contracts in Georgia are valid and binding and not void as against public policy where the bailor relieves himself from his own negligence, except for that negligence which amounts to wilful and wanton misconduct.").

[7] See *Barbazza*, supra.

[8] See id. at 792-793 (3).

[9] See OCGA § 9-3-33; *Brewer v. Schacht*, 235 Ga. App. 313, 317 (4) (a) (509 SE2d 378) (1998); *Lee v. Gore*, 221 Ga. App. 632, 635 (2) (472 SE2d 164) (1996).

[10] McClesky's argument in this regard is particularly convoluted. It appears to stem from his contention that there was an unidentified person present in the room on the day he was fired for falsifying his employment application.

mation and libel claims against Vericon.[11] Assuming, for the sake of argument, that the libel and/or slander claims allege wilful or wanton conduct, the claims still must fail.

The evidence is undisputed that Vericon provided the report to Home Depot on November 13, 2000. Thus, the only "publication" by Vericon occurred on this date, which is clearly beyond the statute of limitation.[12] Although McClesky suggests that Vericon published the defamatory information on November 16, 2000, there is absolutely no evidence that anyone from Vericon was present during the meeting. In other words, McClesky seeks to hold Vericon, the agent, liable for actions of Home Depot, the principal. However, McClesky provides no authority for his novel proposition that an agent may be held liable for the acts of a principal.[13] As the evidence demonstrates that the only alleged defamation or libel by Vericon occurred outside the statute of limitation, the trial court properly granted summary judgment on this basis.[14]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED NOVEMBER 7, 2003 — 

*Browning & Tanksley, George T. Smith*, for appellant.
*Swift, Currie, McGhee & Hiers, Michael A. Dalton, John W. Campbell*, for appellee.

---

[11] See id.

[12] Ironically, McClesky acknowledges that Vericon's actions on this date could not constitute "publication." Indeed, he quotes that "the publication of allegedly defamatory information in the course of an employer's investigation of an employee's job performance, when made to persons in authority, is not 'publication' within the meaning of OCGA § 51-5-1 (b)." (Punctuation omitted.) *Kramer v. Kroger Co.*, 243 Ga. App. 883, 887 (2) (b) (534 SE2d 446) (2000). It seems this case eviscerates McClesky's argument on appeal.

[13] We do note that in certain circumstances an agent who engages in misfeasance in the performance of his duties may be liable to a third person who is thereby injured. See, e.g., *Sharp-Boylston Co. v. Bostick*, 90 Ga. App. 46, 48 (81 SE2d 853) (1954). However, McClesky has not cited any case in this regard much less argued that the reasoning should be applied to extend the statute of limitation.

[14] See *Smith v. Adamson*, 226 Ga. App. 698, 701-702 (7) (487 SE2d 386) (1997).