## A03A2099. BRADLEY v. FRANK.
(592 SE2d 138)

BLACKBURN, Presiding Judge.

In this case regarding the posthumous enforcement of a divorce decree dividing property, Russell Bradley, in his capacity as executor of the estate of Murray Dorsey Bradley ("Decedent"), appeals the trial court's grant of summary judgment to Hazel Frank ("Frank"), contending that the trial court erred in finding that no question of material fact remained regarding Frank's action against the estate. Because the undisputed evidence shows that Decedent breached the settlement agreement at issue, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Rodriguez v. Vision Correction Group*.[2]

Viewed in this light, the evidence shows that Frank married Decedent in 1990, and subsequently sold her house and moved in with him. Frank deposited the proceeds of the sale in several certificates of deposit at Tucker Federal Bank.

In late 1997, Frank and Decedent were divorced and entered into a settlement agreement dated December 12, 1997, which divided their property. The settlement agreement awarded Frank "four CD's which the Husband agrees are premarital property." On December 15, 1997, Decedent redeemed a certificate of deposit in the amount of $32,492.35 from Tucker Federal Bank in contravention of the settlement agreement.

Approximately one year later, Frank discovered that Decedent

---

[1] OCGA § 9-11-56 (c).
[2] *Rodriguez v. Vision Correction Group*, 260 Ga. App. 478 (580 SE2d 266) (2003).

had redeemed the certificate of deposit and made demand on him for the funds. Frank filed this action seeking the money at issue plus interest in the Probate Court of Fulton County on January 13, 2000. The action was transferred to the Superior Court of Fulton County, which entered summary judgment for Frank on February 28, 2003.

1. On appeal, Bradley argues that the court below erred in finding that the reference to "four CD's" contained in the settlement agreement referred to certificates of deposit, including the certificate of deposit redeemed by Decedent. Bradley contends that the term "four CD's" is ambiguous and that a jury issue exists as to the meaning of that term.

The meaning of a settlement agreement incorporated into a divorce decree is determined according to the usual rules of contract construction. *Kruse v. Todd.*[3] " 'The cardinal rule of [contract] construction is to ascertain the intention of the parties.' " *Southern Airways Co. v. DeKalb County.*[4] " '[T]o this end the whole instrument, together with its circumstances, must be considered.' " Id. at 859 (5). Parol evidence is admissible to explain ambiguities.[5]

"Contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless after application of applicable rules of construction an ambiguity remains. Summary judgment is proper even though the parties contend the contract should be construed differently." (Citations and punctuation omitted.) *Gatins v. NCR Corp.*[6]

Frank submitted her own affidavit and that of Lois W. Gerstenberger, the attorney who drafted the settlement agreement, in support of her motion for summary judgment. These affidavits established the intent of the parties as to the meaning of the term "four CD's." The affidavits established that the "four CD's" mentioned in the settlement agreement were certificates of deposit. The affidavits also established that the certificates of deposit were purchased with proceeds from the sale of Frank's premarital property.

"On summary judgment, after the movant makes a prima facie showing of its entitlement to judgment as a matter of law, the burden then shifts to the respondent to come forward with rebuttal evidence. To do so, the respondent must set forth specific facts showing the existence of a genuine issue of disputed fact." (Citation and footnote omitted.) *Oasis Goodtime Emporium I v. Crossroads Consulting*

---

[3] *Kruse v. Todd,* 260 Ga. 63, 67 (1) (389 SE2d 488) (1990).
[4] *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850, 858 (5) (118 SE2d 234) (1960).
[5] OCGA § 24-6-3 (b).
[6] *Gatins v. NCR Corp.,* 180 Ga. App. 595, 596 (349 SE2d 818) (1986).

*Group*.[7] Bradley failed to produce any evidence to rebut Frank's showing that the parties to the settlement agreement intended the term "four CD's" to refer to certificates of deposit.

Bradley's reliance on the affidavit of Ron K. Foisia, custodian of records for Tucker Federal Bank, is misplaced. The Foisia affidavit states that "at no time did Murray and Hazel Bradley ever jointly own four (4) Certificates of Deposit." However, nothing in the settlement agreement limits the term "four CD's" to jointly owned certificates of deposit. Moreover, while the Foisia affidavit establishes that the certificate of deposit at issue was originally opened by Decedent and was later converted into a joint account of Decedent and Frank, nothing in the Foisia affidavit shows that the source of the funds in the certificate of deposit at the time it was redeemed by Decedent was anything other than the "premarital property" of Frank as established by the settlement agreement. The court below properly granted summary judgment to Frank.

2. We have reviewed Bradley's remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED NOVEMBER 26, 2003 —
RECONSIDERATION DENIED DECEMBER 16, 2003 — 

*Barron & Barron, George L. Barron, Jr., Garlan B. Furin*, for appellant.

*Louis Levenson*, for appellee.

---

[7] *Oasis Goodtime Emporium I v. Crossroads Consulting Group*, 255 Ga. App. 375, 376 (565 SE2d 573) (2002).