## A06A0921. WALKER ELECTRIC COMPANY v. BYRD.
### (635 SE2d 819)

PHIPPS, Judge.

Chandler Byrd sued his former employer Walker Electric Company for unpaid compensation. The trial court denied Walker Electric's motion for summary judgment, and we granted the company's application for an interlocutory appeal. Because Walker Electric has failed to show that the denial was error, we affirm.

"Summary judgment is proper when there is no genuine issue of material fact and the undisputed facts, taken in the light most favorable to the nonmoving party, warrant judgment as a matter of law in favor of the moving party. Our review is de novo."[1]

Byrd claimed that when he was hired by Walker Electric in January 2002, the company orally agreed that, in addition to paying him hourly wages, it would pay him $40 a day as per diem compensation. It is undisputed that Byrd worked for Walker Electric for

---

[1] *Leal v. Hobbs*, 245 Ga. App. 443 (538 SE2d 89) (2000); see OCGA § 9-11-56 (c).

approximately 11 months and that the company never paid him any amount as per diem compensation. In its answer, Walker Electric denied promising to pay Byrd such compensation. It moved for summary judgment on the ground that, even if a "promise was made to pay per diem as alleged by Mr. Byrd, he still cannot recover as a matter of law." The company asserted that Byrd was an at-will employee throughout the employment, characterized Byrd's theory of recovery as breach of contract, and argued that "an at-will employee may not sue for breach of contract."

The trial court denied Walker Electric's motion, determining that

> [Byrd] has performed; therefore . . . his status as an at-will employee is not determinative. This case, although involving per diem, is no different from a case where an employee at-will, working under an oral contract, claims that during his employment he was paid less dollars per hour than was agreed to.

The trial court's ruling was correct under *Brazzeal v. Commercial Cas. Ins. Co.*[2] There, the defendant orally agreed to pay the plaintiff a weekly salary for the first four weeks and to pay him thereafter designated commissions.[3] The plaintiff worked for the defendant for 11 weeks.[4] Although the defendant paid to plaintiff the agreed-upon salary, it did not pay the amount of commissions earned under their oral agreement up to the time of the termination of the employment.[5] This court held:

> This was a contract to begin in præsenti, for an indefinite period, terminable at will, and the employee thereunder was suing on the contract for the amount of compensation due him, based upon services actually performed by him up to the time of his discharge, and not for damages or for compensation for services not performed or for any breach of contract [where the employee has not performed].[6]

---

[2] 51 Ga. App. 471 (180 SE 853) (1935), cited in *Balmer v. Elan Corp.*, 278 Ga. 227, 229, n. 2 (599 SE2d 158) (2004).
[3] *Brazzeal*, supra.
[4] Id.
[5] Id.
[6] Id.

And under such circumstances, "the plaintiff had a right of action under the contract for the amount of earned commissions due him in accordance with the agreement."[7]

The instant case is controlled by *Brazzeal*.[8] There is no dispute that Byrd performed services for Walker Electric as an at-will employee. Asserting that at the outset Walker Electric orally promised to pay him $40 per diem as compensation, Byrd is suing on the contract for compensation allegedly due for services he performed during his employment. Thus, the trial court correctly determined that Byrd's former status as an at-will employee does not bar his cause of action.[9] The cases cited by Walker Electric do not require a contrary result.[10]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 18, 2006.

*Mark A. Sullivan*, for appellant.
*Walter D. Adams*, for appellee.

---

[7] Id.

[8] Id.

[9] See *E. D. Lacey Mills, Inc. v. Keith*, 183 Ga. App. 357, 359-360 (2) (359 SE2d 148) (1987) (when the employee has actually performed services under a contract terminable at will, he may recover from the employer the compensation due him for the services rendered), quoting *Brazzeal*, supra; accord *Arby's, Inc. v. Cooper*, 265 Ga. 240, 241 (454 SE2d 488) (1995) (to be enforceable, a promise of future bonus must be made at the beginning of the employment and must be for an exact amount or based upon a formula or method for determining the exact amount of the bonus).

[10] See, e.g., *Rodriguez v. Vision Correction Group*, 260 Ga. App. 478 (580 SE2d 266) (2003) (at-will employee was barred from suing under a contract theory based upon an alleged promise of "eventual stock options," where the employee had agreed to work for only the salary she was paid, where there was no contract for any benefits other than those already paid, where the details of a stock option plan, including the timing of its implementation, had not been defined and the value of a stock plan was purely speculative, and where employee was terminated before any stock option plan became effective); *Johnson v. MARTA*, 207 Ga. App. 869, 870-871 (1) (429 SE2d 285) (1993) (employee's at-will status barred his cause of action, which alleged that a change in the employment policy forced him to resign, because an employer is authorized to alter the terms of an at-will employment contract); *E. D. Lacey Mills, Inc.*, supra at 360 (3) (a promise to pay wages of a sum certain is enforceable after performance by the employee, but a promise to change the terms of compensation in the future is not enforceable).