[DO NOT PUBLISH]

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14193

Non-Argument Calendar

_____

AUTOMOBILE PROTECTION CORPORATION - APCO,

Plaintiff-Appellee,

*versus*

NBA AUTOMOTIVE, INC.,
d.b.a. Hooman Chevrolet,
d.b.a Nissani Bros Chevrolet,
HOOMAN NISSANI,
BABAK SHARRAFZADEH RAD,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-00620-MLB

_____

Before WILSON, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

NBA Automotive, Inc., appeals the district court's grant of summary judgment to Automobile Protection Corporation ("APCO") on its breach of contract claim. The district court held that NBA was obligated to repay the outstanding balance on a loan given to them by APCO after their agreement terminated. After careful consideration, we affirm.

## I.    BACKGROUND

NBA and APCO entered into a loan agreement in 2017, with Hooman Nissani and Babak Sharrafzadeh as guarantors. NBA is a car dealership and APCO provides vehicle service contracts. APCO lent NBA $1,000,000, and in exchange NBA agreed to sell a certain amount of APCO's services, known collectively as EasyCare products, each month for an "incentive period" of thirty-six months. The agreement contemplated that the NBA "must sell the full number of . . . [EasyCare products] until the termination of the Incentive Period or until the entire Loan . . . is paid back, whichever comes first." If NBA failed to meet that amount of sales "during any

month of the incentive period," it would "be obligated to repay APCO the outstanding balance of the Loan as of the end of such month ("True-up"), plus accrued interest . . . within 10 days after the end of such month." The agreement stated that it would terminate if NBA failed to sell EasyCare products or make a true-up payment, and NBA then "must repay the entire outstanding balance of the Loan, plus accrued interest . . . within 15 days of receiving a written demand from APCO." The interest charged would be "12% per annum, compounded monthly, from the date of any default…"

In 2018, APCO sent a "Notice of Breach and Demand for Payment" letter to NBA. In the letter, APCO accused NBA of no longer selling EasyCare products or making true-up payments. As such, the letter stated that "EasyCare has no recourse but to terminate the agreements," and demanded repayment of the outstanding balance of the loan in the amount of $815,850. Further, "pursuant to section 5, NBA shall be charged 12% interest . . . beginning on the date of this letter until the loan is paid-in-full." Eight days later, NBA had not settled their balance and APCO filed suit alleging breach of contract.

On July 27, 2020, as the lawsuit was ongoing, APCO sent a letter to NBA again demanding payment because the agreement had reached "maturity," since the incentive period ended on July 19, 2020. The district court then granted APCO leave to amend its complaint to include the theory that the loan had matured as of July.

APCO thereafter moved for summary judgment, which the district court granted. It held that NBA owed a balance of $955,799.58, which included pre-judgment interest at the annual rate of 12%, with post-judgment interest continuing to accrue. NBA timely appealed.

## II.    STANDARD OF REVIEW

"We review *de novo* a district court's order granting a motion for summary judgment and construe 'all reasonable doubts about the facts in favor of a non-movant.'" *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1313 (11th Cir. 2004) (quoting *Browning v. Peyton*, 918 F.2d 1516, 1520 (11th Cir. 1990)).

## III.    DISCUSSION

NBA raises three issues on appeal. First, it argues that APCO prevented the agreement from reaching maturity by terminating it in 2018. Second, it argues that APCO's 2018 termination prevented NBA from making its contractually required payments. Finally, it argues that there remain genuine disputes as to whether the end of the loan agreement's incentive period accelerates repayment of the balance of the loan. For the reasons below, we affirm the district court's grant of summary judgment to APCO.

Summary judgment is only appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment must show the absence of a genuine

issue of material fact. *Federal Sav. & Loan Ins. Corp. v. Two Rivers Associates, Inc.*, 880 F.2d 1267, 1272 (citing *Celotex v. Catrett*, 477 U.S. 317, 323 (1986)). The nonmoving party has the burden of identifying the facts which "sho[w] that there is a genuine issue" of material fact. *Id.* In ascertaining the meaning of a contract on summary judgment, Georgia Law requires us to apply the plain meaning of language when it is clear and unambiguous. *Tims v. LGE Cmty. Credit Union* 935 F.3d 1228, 1237 (11th Cir. 2019).

## A.

NBA first argues that the district court erred in concluding that the agreement terminated on July 19, 2020, at the end of the incentive period. It asserts that, because APCO argued that it had terminated the agreement on February 1, 2018, the contract ceased to exist as of that earlier date, so there was nothing left to terminate in 2020. Thus, it argues, the district court erred in granting summary judgment based on the later termination date.

As a preliminary matter, it's not clear how this argument, if we were to accept it, would redound to NBA's benefit. As between the two potential termination dates, the district court's decision adopted the termination date that was most advantageous to NBA. If the agreement had terminated in 2018 instead of 2020, it would mean that the interest on the loan started compounding two years earlier.

In any event, NBA's argument is based on a misunderstanding of the rules governing alternative pleadings. The district court

correctly observed that APCO raised two alternative theories for relief: one asserting that the contract terminated in 2018, and the other asserting that it terminated in 2020. NBA argues that these were not truly alternative theories because the latter theory "asserted an alternative universe of facts" in which the agreement was not terminated in 2018. But as the district court noted, the Federal Rules of Civil Procedure do not require alternative pleadings to be consistent with each other. Fed. R. Civ. P. 8(d)(3).

The district court granted summary judgment based on APCO's second theory. We cannot say this decision was erroneous merely because APCO raised an alternative theory that the contract was terminated earlier.

*B.*

Next, NBA contends that APCO's 2018 termination prevented NBA from performing their obligation to sell EasyCare products and thus APCO "cannot blame NBA for failing to make payments." In other words, NBA argues that its being relieved of the duty to sell EasyCare products also relieved it of its duty to repay the loan. But this is not so. The agreement is explicitly for a loan: "the amount of the Loan shall be treated as a loan from APCO to [NBA]." The loan is structured in such a way as to obligate NBA to pay the "outstanding balance of the Loan as of the end of such month," including accrued interest. These "true-up" payments merely *allowed* for the subtraction of the proceeds from products sold—the loan was not contingent on NBA's ability to sell

products, as they contend. Therefore, the two obligations are not dependent, and NBA is required to pay the balance of the loan.

## C.

Finally, NBA argues that the agreement does not require payment of the entire outstanding balance at the end of the incentive period. It points out that Section 1—which states that the "agreement will terminate on the last day of the Incentive Period"—does not contain an acceleration clause. And Section 5 applies an acceleration clause "[i]f [NBA] fails to sell [EasyCare products] during the incentive period or make a True-up payment." Because Section 1 "describes termination . . . without mentioning acceleration," and Section 5 contemplates termination due to default but does contain an acceleration clause, NBA argues that the contract is ambiguous on whether acceleration is triggered at the end of the incentive period.

But the presence of ambiguity in the contract does not preclude summary judgment if the ambiguity can be resolved by applying the rules of contract construction. *See Bradley v. Frank*, 592 S.E.2d 138, 140 (Ga. Ct. App. 2003) ("[N]o jury question is presented unless after application of applicable rules of construction an ambiguity remains."). We conclude that the district court correctly applied the rules of construction in concluding that the entire outstanding balance of the loan was due in this case. A "whole contract should be looked to in arriving at the construction of any part," and "[t]he construction which will uphold

a contract in whole and in every part is to be preferred." O.C.G.A. § 13-2-2(4). Here, the agreement clearly contemplated that NBA was liable for repayment of the loan. And the district court rightly observed that, "[g]iven that early termination [under Section 5] requires payment in full…it would make little sense for scheduled termination [under Section 1] to require something other than payment of any remaining loan balance." Because requiring NBA to repay the outstanding balance is the only way to give full effect to the loan agreement, the district court correctly granted summary judgment to APCO.

## IV.    CONCLUSION

For the foregoing reasons, the district court's order granting summary judgment is **AFFIRMED.**